**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARTON E. SPICER; JUAN CURTIS;
DANIEL W. ROBEY; GARNELL WALLS;
DALE WILSON; JUDITH SLATES; ALVIN
JOHNSON; THOMAS FITZGERALD;
JOSEPH CRILE; KENNETH WELCH,

No. 99-2567

Plaintiffs-Appellants,

v.

LOCAL UNION 1900,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-1135-AMD)

Submitted: May 31, 2000

Decided: August 9, 2000

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joe C. Ashworth, Leonardtown, Maryland, for Appellants. Richard
M. Resnick, Sue D. Gunter, SHERMAN, DUNN, COHEN, LEIFER
& YELLIG, P.C., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barton Spicer and nine other former employees (Appellants) of the Potomac Electric Power Company filed this suit as a result of their dissatisfaction with the representation provided by their local chapter of the International Brotherhood of Electrical Workers (Local 1900) in the wake of their termination from Potomac Electric during a reduction in force. In their civil suit, the Appellants alleged that they signed a severance package and release with Potomac Electric relying on the representations of Local 1900 officials who promised to pursue additional remedies for their termination. Local 1900 ultimately decided not to seek arbitration regarding the reorganization, and the Appellants did not receive additional compensation for their termination. The Appellants filed suit, advancing not only a federal claim of breach of the duty of fair representation, see Vaca v. Sipes, 386 U.S. 171, 190 (1967), but also several state law claims arising from what they claim were misrepresentations from the local regarding its plans to contest the reorganization. The district court dismissed the state law claims as preempted by federal law and ultimately dismissed the federal claim on the ground that the Appellants no longer wished to pursue the civil suit. Appellants appealed the district court's final order.

On appeal, the Appellants claim that the district court erred in determining that their state law claims for claims of negligent misrepresentation, fraudulent misrepresentation, and constructive fraud on the part of the local were preempted by federal labor law under the Labor Management Relations Act. See 29 U.S.C. § 185 (1994). In addition, the Appellants contend that the district court abused its discretion by dismissing their claim of a breach of duty of fair representation. After a thorough review of the record and the Appellants' state law claims, we conclude that the district court did not err in dismissing the claims as preempted. See Franchise Tax Bd. v. Construction

2

Laborers Vacation Trust, 463 U.S. 1, 23 (1983); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987) (noting that state law does not provide "an independent source of private rights to enforce collective-bargaining contracts"). In addition, we find that the district court did not abuse its discretion in determining that the Appellants' apparent abandonment of the suit evinced a desire to have the remaining claim dismissed.

In the absence of reversible error on the part of the district court, the orders dismissing the civil action are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3